UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES JONES ET AL                          CIVIL ACTION NO. 25-cv-2150

VERSUS                                     JUDGE VAN HOOK

RINGGOLD NURSING & REHABILITATION   MAGISTRATE JUDGE HORNSBY
CENTER L L C ET AL

**MEMORANDUM ORDER**

Royce Jones died while he was a resident at a nursing home in Ringgold. His survivors ("Plaintiffs") filed this civil action against Ringgold Nursing & Rehabilitation Center, LLC ("Ringgold") and Aurora Cares, LLC ("Aurora"). They also filed with the Commissioner of Administration a request for a medical review panel with respect to medical malpractice claims against Ringgold (only). The review panel proceeding must be completed before Plaintiffs can file suit on (or amend their complaint in this case to add) any medical malpractice claims against Ringgold. Before the court is a Motion to Stay (Doc. 22) filed by both defendants in which they ask that this action (and discovery in particular) be stayed until the medical review panel proceedings are completed. For the reasons that follow, the motion will be denied.

This civil action began in state court in November 2025. Plaintiffs alleged that Mr. Jones, who was a resident at a Ringgold nursing home, developed multiple avoidable pressure injuries and suffered a preventable fall that led to his death. Count one is for "ordinary negligence" against Aurora. Plaintiffs report that Aurora is not qualified for coverage under the Louisiana Medical Malpractice Act ("LMMA"), so the Act and its pre-

suit requisite of a medical review panel proceedings do not apply to the claim. Plaintiffs' ordinary negligence claims against Aurora allege that it provided administrative services to the facility under a contract with Ringgold, through which Aurora managed or controlled the facility's budgets, funding, and resources available for staffing. The negligence claim against Aurora contends that staffing levels were below what was expected by a government formula and that Aurora breached its duty to provide adequate financial resources and support to the facility so that it could be properly staffed.

Count two of the petition is for "intentional fraud" and is directed at both Aurora and Ringgold. The petition alleges that Aurora and Ringgold made fraudulent misrepresentations to Mr. Jones or his legal representative during the process of his admission to the facility about the facility's compliance with Louisiana and federal rules regarding minimum staffing requirements. Plaintiffs allege that the defendants deliberately concealed or suppressed the truth, and Mr. Jones would not have become a resident had he known that the facility was not properly operated and staffed.

Ringgold is a qualified healthcare provider and is the subject of a medical review panel proceeding commenced in February 2025. Defense counsel report that panel submissions are due on June 18, 2026. The parties do not provide any estimate of how long the medical review panel proceedings will take.

Plaintiffs' allegation of intentional fraud is significant as it relates to the possible application of the LMMA. The Act defines malpractice as any *unintentional* tort or breach of contract based on health care or professional services that meet the other requirements of the definition. Plaintiffs point out that some courts have held that similar fraud claims

Page **2** of **5**

are not subject to the LMMA.  See, e.g.,  Sherrod v. Nexion Health at Marrero, Inc., 2025 WL 2877843 (E.D. La. 2025).  Defendants note that, more recently, the Louisiana Supreme Court granted summary judgment to a qualified healthcare provider who was sued for "administrative negligence" based on claims of understaffing a nursing home.  The Court held that the claims did not establish an intentional tort sufficient to avoid application of the LMMA.  Broden v. Priority Mgmt. Grp., L.L.C., 427 So. 3d 726 (La. 2026).

Defendants state in their reply that they are not at this time seeking dismissal of the claims against Ringgold, merely a stay of the case while the medical review panel is underway.  Accordingly, the application of the LMMA need not be decided now.  As for the need for a stay, Defendants contend that the claims against Aurora are inextricably intertwined with the claims against Ringgold, and Plaintiffs have already propounded written discovery to Ringgold and requested depositions of a Ringgold corporate representative and staff members, all while Ringgold's medical review panel proceeding is ongoing.  Plaintiffs respond that their claims presented in this civil action are not subject to the LMMA, and a stay would unfairly prejudice Plaintiffs by preventing them from conducting standard discovery related to their claims that are separate and distinct from their malpractice claims.

After considering the competing arguments, and on the showing made, the court finds that the best exercise of its discretion in these circumstances is to deny the request for a stay.  Plaintiffs were entitled to file their negligence and fraud claims against Aurora, and the pendency of a medical review panel with respect to a co-defendant is no automatic bar to conducting related discovery.  Some of that discovery will inevitably be directed to

Ringgold as the owner of the facility and as the party that contracted with Aurora to manage the facility. Plaintiffs are also arguably entitled to pursue their fraud claim against Ringgold now, and the existence of a medical review panel with respect to a potential future claim for medical malpractice is no automatic bar to conducting discovery on that claim.

Defendants have not made a strong case for prejudice or harm associated with allowing discovery to proceed on the current lawsuit claims without awaiting the end of the medical review panel proceeding and the potential addition of a medical malpractice claim. There may be some burden on the parties if, after the panel proceeding is completed, medical malpractice claims are added to this suit and some related discovery is repetitive of or overlaps with topics that have already been the subject of discovery on the current claims. The parties can reduce the risk of repetition by, for example, agreeing that the scope of a witness's deposition will include both the claims presented in this suit and the medical malpractice claims that will likely follow. If they choose not to employ such a procedure, then any burden caused by a second deposition of that witness will be of their own making. Weighing against a stay are concerns about the risk of delay (with no forecast of the length of time the medical review panel might require) leading to faded memories, lost documents, employees or other witnesses becoming hard to locate, and the like. For these reasons, Defendants' **Motion to Stay (Doc. 22)** is **denied**.

An earlier order (Doc. 24) granted an extension of time with respect to responding to any outstanding discovery and stated that a reasonable time would be allowed to serve responses if the request for a stay was denied. Responses to any outstanding written

Page **4** of **5**

discovery responses must be served on the requesting party within 30 days of the entry of this order unless the parties agree otherwise.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of June, 2026.

Mark L. Hornsby
U.S. Magistrate Judge