**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JAMES JONES, ET AL. | CIVIL ACTION NO. 25-2150 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| RINGGOLD NURSING & REHABILITATION CENTER, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM RULING

The defendants, Aurora Cares, LLC and Ringgold Nursing & Rehabilitation Center, LLC ("Ringgold"), have appealed the Magistrate Judge's decision denying their motion to stay the proceedings. Record Document 30. The defendants argue that this lawsuit should not continue until a medical panel has completed its review of the negligence claims against one of the defendants, Ringgold. *Id.* at 2. For the following reasons, the appeal is denied.

When considering a magistrate judge's ruling on a non-dispositive motion, district courts apply a "clearly erroneous" or "contrary to law" standard. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995); Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see, e.g.*, *Parm v. Shumate*, No. 01-2624, 2006 WL 2331037, at *1 (W.D. La. Aug. 7, 2006) (reviewing a motion to stay). A decision is clearly erroneous or contrary to law when the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Palacios Seafood, Inc. v. Piling, Inc.*, 888 F.2d 1509, 1513 (5th Cir. 1989).

Since enactment of the Louisiana Medical Malpractice Act, this district has taken a deliberate approach when addressing motions to stay while a medical panel completes its review of the claims against a co-defendant.

Some cases have granted the stay. *See, e.g.*, *Latina Singleton v. Farmerville Nursing and Rehab. Ctr.*, No. 25-1263, 2026 WL 2243319, at *7 (W.D. La. June 12, 2026); *Rhodes v. Aurora Cares, LLC*, No. 20-319, 2021 WL 649797, at *10 (W.D. La. Feb. 3, 2021); *Harris v. Brecher*, No. 06-1678, 2007 WL 1296349, at *2 (W.D. La. Apr. 13, 2007).

But just as many or more have denied it. *See, e.g.*, *Cook v. Air Evac EMS, Inc.*, No. 19-478, 2019 WL 3761634, at *2 (W.D. La. Aug. 8, 2019); *Hedgepeth v. GlaxoSmithKline*, No. 07-2220, 2008 WL 11515533, at *5 (W.D. La. June 5, 2008); *McQuiston v. Boston Sci. Corp.*, No. 07-1723, 2008 WL 104210, at *2 (W.D. La. Jan. 9, 2008); *Chiasson v. B. Braun Med. Inc.*, No. 16-1337, 2017 WL 456009, at *3 (W.D. La. Feb. 1, 2017).

Against this backdrop, the undersigned finds that the Magistrate Judge did not err, much less clearly err, in denying the defendants' stay request. The Magistrate Judge issued a well-reasoned order, recognizing that having a claim against a co-defendant pending before the medical review panel is not an automatic bar to discovery. Record Document 29 at 4. The Magistrate Judge also correctly weighed the harm that granting a stay would create. As the Magistrate Judge explained, delaying this litigation would lead to "faded memories, lost documents, [and] employees or

other witnesses becoming hard to locate[.]" *Id.* at 4. For these reasons, the appeal is denied.

**DONE AND SIGNED** at Shreveport, Louisiana, this 17th day of August, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE